JOHN J. McGUIRE, Appellant, *v.* MICHAEL MORAN, Respondent.

*Collision of a tow, passing through a draw, with the abutment of a bridge injuring a person standing upon it — it presents a question for the jury.*

In an action to recover damages for personal injuries it appeared that at the time of the accident the plaintiff stood upon the abutment of a bridge over Newtown creek waiting for a tow, which was under the management of the defendant, to pass through the draw; that the combined width of the tow, which consisted of a barge and a tug, was fifty-five feet, while the width of the draw was but sixty feet; that, instead of proceeding straight through the draw, the tow moved diagonally so that the barge collided with the abutment upon which the plaintiff was standing with such force as to tear away the footpath, sepa-

rating it two and a half feet from the carriageway, and precipitating the plaintiff upon the stone and crib work underneath.

*Held,* that the question whether the defendant was guilty of negligence in the management of the tow should have been left to the jury, and that it was error for the court to dismiss the complaint.

APPEAL by the plaintiff, John J. McGuire, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 3d day of February, 1902, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's evidence, and also from an order entered in said clerk's office on the 9th day of January, 1902, denying the plaintiff's motion for a new trial made upon the minutes.

*John F. Carew* [*Thomas F. Magner* with him on the brief], for the appellant.

*Alvin C. Cass* [*Carl Schurz Petrasch* with him on the brief], for the respondent.

WILLARD BARTLETT, J. :

We are of opinion that the issue of negligence in this case should have been left to the jury. The plaintiff was injured by reason of a collision between a tow and one of the abutments of a bridge over Newtown creek. The draw was open and the plaintiff stood upon the abutment waiting for the tow, which was under the direction of the defendant's agents and servants, to pass through. The tow consisted of a barge, to which the defendant's tugboat was attached alongside, the width of the barge and tug together aggregating fifty-five feet, while the width of the draw was but sixty feet. Instead of proceeding straight through the draw, the tow moved diagonally, so that the barge was caused to collide with the abutment on which the plaintiff was standing, with such force as to tear away the footpath, separating it two and one-half feet from the carriageway, and precipitating the plaintiff upon the stone and crib work underneath. One of the witnesses said that the barge hit the abutment of the bridge right in the west footpath, and that the barge and tug came in " cat-a-cornered." Another witness saw the boat came in " slantways," and said that the whole platform at that point was torn off by the collision.

From this proof we think that negligence on the part of the defendant in the management of the tow might fairly be inferred as matter of fact. The place where the plaintiff stood was presumably a part of the public highway, and the force exerted by the collision, as manifested in its effects upon the footpath, was indicative of a want of care in the management of the tow, when the width of the tow is considered in reference to the width of the draw through which it had to pass. It may very well be that, when the defendant's proof is submitted, it will appear that the tow was prudently managed under all the surrounding circumstances; but, applying the rule which entitles the plaintiff to the most favorable view of all the facts upon an appeal of this kind, we are constrained to hold that it was error to dismiss the complaint.

Judgment reversed and new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.